UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-2639(DSD/RLE)

Troy Richard Dean,

      Petitioner,

v.                                                 **ORDER**

Warden Dave Corbo

      Respondent.

This matter is before the court upon petitioner's objections to the report and recommendation of Magistrate Judge Raymond L. Erickson, dated August 29, 2005. In his report, the magistrate judge recommended that petitioner's request for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be denied. After a de novo review of the file and record, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation in its entirety.

**ANALYSIS**

Petitioner objects to the authority of the magistrate judge to issue a report and recommendation without petitioner's consent. However, magistrate judges are designated by the district court to hear, without consent, applications for post-conviction relief that are filed under 28 U.S.C. § 2254. See 28 U.S.C. § 636(b)(1)(B); D. Minn. LR 72.1(a)(iii)(3). Therefore, petitioner's objection is without merit.

The petitioner also objects to the content of the report and recommendation. Specifically, petitioner objects to the magistrate judge's recommendation that the trial court's evidentiary rulings, his prosecutorial misconduct claim, and his sentencing claims are not grounds for habeas corpus relief. The court addresses each objection in turn.

I. **Trial Court's Evidentiary Rulings**

The court's review of the trial court's rulings regarding the admissibility of evidence "is limited to determining whether the defendant's constitutional rights have been violated." Harris v. Bowersox, 184 F.3d 744, 752 (8th Cir. 1999). To establish a constitutional violation, a petitioner must show that the trial court's error "rendered the entire trial fundamentally unfair." Id. Here, the trial court allowed the state to question petitioner regarding a 1998 aggravated robbery conviction for purposes of impeachment under Minnesota Rule of Evidence 608(b). The trial court also allowed the admission of DNA evidence that was obtained by use of the PCR-STR method. Petitioner has not established that the trial court's admission of either type of evidence rendered his trial "fundamentally unfair." See id. Further, the Minnesota Supreme Court has since confirmed that the PCR-STR method is generally accepted. See State v. Traylor, 656 N.W.2d 885, 896

(Minn. 2003). Therefore, the magistrate judge correctly concluded that these evidentiary rulings do not constitute a basis for habeas relief in petitioner's case.

**II.  Prosecutorial Misconduct Claim**

State prosecutorial misconduct warrants federal habeas relief only if a petitioner can establish that "the misconduct infected the trial with enough unfairness to render [the] conviction a denial of due process." Roberts v. Bowersox, 137 F.3d 1062, 1067 (8th Cir. 1998). The court evaluates the totality of the circumstances to determine if there is a reasonable probability that "the remarks affected the trial's outcome." Id. Petitioner has not established that prosecutorial misconduct occurred in his case to a degree that would render his conviction "a denial of due process." See id. Therefore, the magistrate judge correctly concluded that prosecutorial misconduct is not a proper basis for habeas relief in petitioner's case.

**III. Sentencing Claims**

In Apprendi v. New Jersey, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Petitioner argues that his sentence violated the Apprendi decision. Petitioner's sentence did

not exceed the statutory maximum.  Therefore, the magistrate judge correctly concluded that <u>Apprendi</u> is not a basis for habeas relief in petitioner's case.

Petitioner also relies on the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), to support his argument that his sentence was imposed in violation of the Constitution. However, <u>Blakely</u> does not apply retroactively to matters on collateral review.  <u>See</u> <u>Never Misses A Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005) (per curiam).  Therefore, the magistrate judge correctly concluded that <u>Blakely</u> is not a basis for habeas relief in petitioner's case.

**CONCLUSION**

Therefore, after a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in its entirety.  Accordingly, **IT IS HEREBY ORDERED** that petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is denied.

Dated:  December 22, 2005

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court